UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |  | |
|---|---|---|---|
| ANDREA L. MARION, | § § § | | |
| Plaintiff, | § § | | |
| v. | § § | Case No. 1:23-CV-5916 | |
| RADIUS GLOBAL SOLUTIONS, LLC, | § § § § | | |
| Defendant. | § | | |

### DEFENDANT, RADIUS GLOBAL SOLUTIONS, LLC'S
### REPLY MEMORANDUN IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Radius Global Solutions, LLC ("RGS"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits this Reply Memorandum in Support of its Motion to Dismiss, Doc. 11, and in reply to Plaintiff's Memorandum in Opposition to RGS's Motion to Dismiss (the "Opposition"), Doc. 12.

### I.      INTRODUCTION

RGS moved to dismiss Plaintiff's action for failure to state a claim because a debt collector is expressly permitted to access a consumer's credit report for the permissible purpose of collection of an account and because Plaintiff's claim is barred by the FCRA's 2-year statute of limitations. Doc. 11. In her Opposition,

1

Plaintiff argues her action is timely under the FCRA because she purportedly did not discover RGS accessed her credit report until December 12, 2023, approximately four years after the fact. Further, Plaintiff generally argues that the mere fact RGS is a debt collector does not automatically confer a permissible purpose to access her credit report and that RGS has provided Plaintiff no evidence to support its permissible purpose, casting doubt on whether she had an account with RGS.

Plaintiff's arguments are unavailing. First, Plaintiff's suit *is* time-barred under the FCRA. It is inconceivable Plaintiff was unaware of the contents of her credit report until December 12, 2023. Indeed, Exhibit A to Plaintiff's Complaint and her filings in other FCRA lawsuits before this Court make clear she has extensively monitored her credit report since at least 2019. Second, RGS had a permissible purpose to access Plaintiff's credit report. Under the FCRA, a debt collector is expressly permitted to access a credit report for the collection of the consumer's account. Furthermore, a debt collector need not provide justification or the permissible purpose for which it accessed a consumer's account.

Plaintiff has failed to state a claim under the FCRA, and the Court should grant RGS's Motion to Dismiss and dismiss Plaintiff's Complaint.

## II.     LAW AND ARGUMENT

### A.     Plaintiff's claim is time-barred by the FCRA's 2-year statute of limitations.

In her Opposition, Plaintiff argues her action is timely under the FCRA's statute of limitations because she purportedly only became aware RGS had accessed her credit report "recently," which apparently was "on December 12, 2023." *See* Doc. 12. at pp. 2, 5.

As Plaintiff commenced this action on December 21, 2023, Plaintiff must have discovered the alleged violation *on or after December 21, 2021* for her claim to be within the FCRA's statute of limitations. *See* 15 U.S.C. § 1681p. First, Exhibit A to Plaintiff's Complaint directly contradicts her allegation that she was unaware RGS had accessed her credit report until December 12, 2023. *See* Doc. 2 at pp. 11–12 (reflecting her report was issued on May 25, 2021, more than two years prior to the commencement of this action).

Furthermore, Plaintiff's filings in other FCRA lawsuits[1] clearly demonstrate that she was well aware of the contents of her credit report *prior to December 21,*

---

[1] A district court may take judicial notice of public records and consider them on a motion to dismiss without converting the motion to dismiss into one for summary judgment. *See South River Watershed Alliance, Inc. v. DeKalb County, Georgia*, 484 F.Supp.3d 1353, 1365 (N.D. Ga. 2020); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed.Appx. 52, 53 (11th Cir. 2006).

2021. *See* Doc. 11-2 (containing relevant excerpts of Plaintiff's filings in *Marion v. Experian Information Solutions, Inc., et al.*, 1:23-cv-00597-MLB). Plaintiff's 234-page amended complaint, including exhibits, make clear she has conducted numerous and exhaustive reviews of her credit reports *prior to December 21, 2021*, and in fact, dating back to 2019. *Id.* at pp. 4, 7–8, 12–13, 16, 18, 20, 22–23, 25, 27–28, 30–31, 70–71, 199.

Plaintiff's claim is time-barred by the FCRA's statute of limitations, and the Court should dismiss her Complaint with prejudice.

**B.     RGS had a permissible purpose to access Plaintiff's credit report.**

Plaintiff argues the "mere fact that RGS is engaged in debt collection activities does not automatically confer a permissible purpose for accessing Plaintiff's consumer report" *See* Doc. 12 at pp. 7–8. Plaintiff further argues that RGS has not provided any "evidence" to support its assertion that it had a permissible purpose for accessing her report. *Id.* at pp. 8–9, 12. Essentially, Plaintiff argues RGS has not provided her with justification for its permissible purpose to access her credit report.

First, Plaintiff is wrong as a matter of law. Under the FCRA, a debt collector is permitted to access a consumer's credit report to collect an account. *See Williams v. Alpha Recovery Corp.*, 2023 WL 8824809, *2 (N.D. Ga. Oct. 16, 2023) (citing 15 U.S.C. § 1681b(a)(3)(A)); *see also Little v. Asset Acceptance, LLC*, 2013 WL

4

12080760, *4 (S.D. Fla. Apr. 9, 2013) (§ 1681b(a)(3)(A) of the FCRA permits debt collectors to "obtain a consumer's credit report if doing so for the purposes of collecting a debt"); *Middlebrooks v. Sacor Financial, Inc.,* 2017 WL 8186719, *5 (N.D. Ga. Aug. 28, 2017) ("the FCRA expressly permits disclosure of a consumer report to an entity in connection with the 'collection of an account of the consumer'") (quoting 15 U.S.C. § 1681b(a)(3)(A)). Even a good faith mistake in accessing a consumer's credit report—which is denied—would still be no basis for an FCRA violation. *See Little*, 2013 WL 12080760, *4 (citing *Beckstrom v. Direct Merchant's Credit Card Bank*, 2005 WL 1869107, *3 ("[a]lthough it was later discovered that Plaintiff did not own the [] account, the FCRA is not violated if the entity seeking the credit report was made in a good faith error in pulling the report.")).

Further and more fundamentally, a plaintiff who alleges the defendant is a debt collector and might target the plaintiff as a potential debtor seeking to collect on an alleged debt "raises the distinct possibility" that the debt collector "accessed" the consumer's credit information "in an effort to collect on a debt, which is generally a permissible purpose under the FCRA." *See Williams,* 2023 WL 8824809, *2 (rejecting consumer's assertion defendant lacked a permissible purpose to access her credit report when it was clear from the record the defendant was a debt collector who probably accessed the consumer's report to collect her account).

Here, Plaintiff's Complaint clearly acknowledges RGS is a debt collector. *See* Doc. 2 at ¶¶ 28, 40.[2] Accordingly, it is clear from the record that RGS accessed Plaintiff's credit report for the permissible purpose of collecting a delinquent account in Plaintiff's name that was placed with it for collection.

Additionally, RGS had no obligation to provide Plaintiff with "justification" or the "permissible purpose for which it accessed her credit report." *See Hinkle v. CBE Group*, 2012 WL 681468, *3 (S.D. Ga. Feb. 3, 2012) (debt collector's failure to provide consumer a permissible purpose for accessing her consumer report "does not establish that [the debt collector] accessed her credit report without a permissible purpose.") (citing 15 U.S.C. § 1681b)).

Plaintiff also questions whether her delinquent account that was placed with RGS for collection constitutes an "account" under the FCRA. *See* Doc. 12 at pp. 13–15. Plaintiff apparently relies upon *Bersaw v. Northland Group Inc.*, 2015 WL 1097402 (D. N.H. Mar. 11, 2015). The *Bersaw* Court ruled "the FCRA does not permit the retrieval of a consumer report in connection with the collection of *any*

---

[2] Plaintiff alleges that "absent this court's intervention, Defendants [*sic*] will continue to use abusive, deceptive, unfair, and unlawful means in the attempt to *collect* alleged *debts*…without a permissible purpose" and that RGS "did not verify a purported *debt*…" *Id.* (emphasis added).

6

debt[,]" but "only when the report is to be used in connection with the collection of an 'account'" as defined under the FCRA. *See Bersaw*, 2015 WL 1097402, at * 3.

Plaintiff's reliance on *Bersaw* and narrow reading of what constitutes an "account" under the FCRA is misguided. Indeed, the FCRA's definition of "account" is not limited to only "savings, asset account[s], or other depository account[s]." *See Middlebrooks,* 2017 WL 8186719, *4 (plaintiff's argument has been "universally rejected by every court that has considered it"). "Relying on the 'collection of an account' language in § 1681b(a)(3)(A), courts … appear to be uniform in their agreement that a debt collector is permitted to obtain a consumer report for the purpose of collecting an outstanding debt." *Id.* at *5 (quoting *Fritz v. Capital Management Services, LP*, 2013 WL 4648370, *3 (W.D. Penn. Aug. 29, 2013)). Moreover, "[t]here is simply no basis in logic or the statutory purposes to limit disclosure of credit reports to entities collecting a depository account." *Id.*; *see also Norman v. Northland Group Inc.*, 495 Fed.Appx. 425, 427 (5th Cir. 2012) (rejecting plaintiff's argument "there was no proof the debt collector *owned* the account, or that the plaintiff's delinquent account placed with the debt collector account met the *definition* of an account under the FCRA") (emphasis added).

Accordingly, Plaintiff's delinquent account that was placed with RGS, which resulted in RGS's access of her credit report, constitutes an "account" under the FCRA.

In sum, Plaintiff's delinquent account was placed with RGS for collection. RGS had a permissible purpose to access her credit report under the FCRA—collection of her delinquent account.

### III.  CONCLUSION

Plaintiff has failed to state a claim under the FCRA. Moreover, her claim is time-barred under the FCRA's 2-year statute of limitations. Accordingly, her Complaint should be dismissed with prejudice and without leave to amend.

WHEREFORE, Defendant, Radius Global Solutions, LLC, respectfully requests the Court grant its Motion to Dismiss, dismiss this action with prejudice, and grant it any other relief the Court deems appropriate.

Dated: June 10, 2024         Respectfully Submitted

*/s/ Kirsten Smith*
Kirsten H. Smith (#702220)
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
Email: ksmith@sessions.legal

*Attorneys for Defendant,*
*Radius Global Solutions, LLC*

8

**CERTIFICATE OF SERVICE & COMPLIANCE**

I certify that on June 10, 2024, a copy of the foregoing was filed electronically in the CM/ECF system and served upon plaintiff via first class U.S. Mail, postage prepaid.

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font, with 1.5-inch top margins, and this satisfies the font size and margin requirements of this Court.

*/s/ Kirsten Smith*
Kirsten H. Smith